# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cv-461-RJC
# (3:10-cr-208-RJC-DSC-1)

| | |
|---|---|
| JOSEPH ALEXANDER CLINTON, | ) |
| Petitioner, | ) |
| vs. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and the Government's Motion to Dismiss, (Doc. No. 9). Also pending is the Government's unopposed Motion for an Extension of Time to File a Reply, (Doc. No. 16), which will be denied as moot.

## I. BACKGROUND

Petitioner was indicted in the underlying criminal case for: Count (1), Hobbs Act conspiracy; Count (2), Hobbs Act robbery and aiding and abetting the same (18 U.S.C. §§ 1951, 2); and Count (3), using and carrying firearms during and in relation to a crime of violence, "that is, the violation of Title 18, United States Code 1951 set forth in Count Two," and aiding and abetting the same (18 U.S.C. §§ 924(c), 2). (3:10-cr-208, Doc. No. 3 at 4). A jury found Petitioner guilty as charged. (Id., Doc. No. 85).

The Court sentenced Petitioner to 60 months' imprisonment for Counts (1) and (2), concurrent, and 120 months for Count (3), consecutive, for a total of 180 months' imprisonment. (Id., Doc. No. 159).

1

Petitioner challenged his 120-month mandatory minimum consecutive sentence for the § 924(c) violation on direct appeal. He argued that he was only indicted for, and the jury was only instructed on, whether he carried a firearm whereas the Court found at sentencing that a firearm was discharged. The Fourth Circuit affirmed because the overwhelming evidence revealed that the weapon was discharged at a police officer as Petitioner and his co-conspirators fled. United States v. Clinton, 547 Fed. Appx. 261 (4th Cir. 2013).

Petitioner filed a § 2255 Motion to Vacate that was dismissed with prejudice and denied, case number 3:14-cv-666. Clinton v. United States, 2015 WL 5155372 (W.D.N.C. Sept. 2, 2015). Petitioner did not appeal.

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 23, 2016, arguing that his conviction and sentence under § 924(c) violates due process under Johnson v. United States, 135 S.Ct. 2551 (2015). (Doc. No. 1); see (Doc. No. 2) (Fourth Circuit's order authorizing Petitioner to file a successive § 2255 petition). These proceedings were stayed for several years pending the Fourth Circuit's consideration of United States v. Ali, 15-4433, United States v. Simms, 15-4640, and the United States Supreme Court's consideration of United States v. Davis, 18-431. (Doc. Nos. 5, 8).

The Government has now filed a Motion to Dismiss the § 2255 Motion to Vacate, (Doc. No. 9), arguing that Petitioner's challenge to his § 924(c) conviction is procedurally barred and foreclosed by United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019), in which the Fourth Circuit held that Hobbs Act robbery is a "crime of violence" under § 924(c)'s force clause. Petitioner filed a Response, (Doc. No. 13), arguing that Mathis does not foreclose § 2255 relief because the jury instructions permitted the jury to convict Petitioner of violating § 924(c) based on the Hobbs Act conspiracy charged in Count (1) and, alternatively, that Count (2) is insufficient

2

to support the § 924(c) conviction because aiding and abetting Hobbs Act robbery does not satisfy § 924(c)'s force clause. The Government argues in its Reply, (Doc. No. 17), that the Court's instruction on Pinkerton[1] liability did not constructively amend the Indictment to change the predicate offense for the § 924(c) charge.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

**(1)** **Procedural Default**

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or

---

[1] Pinkerton v. United States, 328 U.S. 640, 647 (1946) (a person is liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable in furtherance of the conspiracy).

3

sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). To establish cause based upon ineffective assistance of counsel, a petitioner must show that the attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Murray, 477 U.S. at 488; Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Petitioner did not raise the present claim on direct appeal. He cannot demonstrate any exception to avoid the procedural default by showing cause and prejudice, or actual innocence. See Section (2), *infra*. His claims are therefore procedurally defaulted from collateral review and are subject to dismissal.

**(2)** **Merits**

Even if the instant claims were not procedurally defaulted, they would fail on the merits. Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). A "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).

The Supreme Court recently held that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319 (2019).

Petitioner was charged with, and found guilty of, violating § 924(c) based on substantive Hobbs Act robbery. See (3:10-cr-208, Doc. Nos. 3, 85, 168 at 228-29). His assertion that the § 924(c) conviction was based on Hobbs Act conspiracy is conclusively refuted by the record. (Id.). Petitioner's contention that his § 924(c) conviction has been undermined by Davis and/or United States v. Simms, 914 F.3d 229 (4th Cir. 2019), is unavailing. Petitioner was convicted under § 924(c)'s force clause, not the unconstitutional residual clause, so Davis provides no relief. Simms does not help Petitioner because the underlying offense was substantive Hobbs Act robbery, which is a crime of violence, rather than Hobbs Act conspiracy, which is not. See United States v. Singleton, 2019 WL 3454662 (D.S.C. July 31, 2019) (distinguishing a Pinkerton charge on a count of Hobbs Act robbery from a charge of Hobbs Act conspiracy); see, e.g., Moore v. United States, 2019 WL 5454487 (W.D.N.C. Oct. 23, 2019) (denying Petitioner's co-defendant's argument on a Motion for Reconsideration that a Pinkerton instruction essentially converted Petitioner's Hobbs Act robbery conviction in Count (2) into a conviction for Hobbs Act conspiracy). Petitioner's contention that aiding and abetting Hobbs Act robbery is not a crime of violence likewise fails. Aiding and abetting is not itself a federal offense, but merely "describes the way in which a defendant's conduct resulted in the violation of a particular law." United States v. Ashley, 606

F.3d 135, 143 (4th Cir. 2010); see 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."). "Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all of the elements of a principal Hobbs Act robbery." In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016); accord United States v. McKelvey, 773 Fed. Appx. 74 (3d Cir. 2019); United States v. Grissom, 760 Fed. Appx. 448 (7th Cir. 2019); United States v. Garcia-Ortiz, 904 F.3d 102 (1st Cir. 2018); United States v. Deiter, 890 F.3d 1203 (10th Cir. 2018) (ACCA context). Aiding and abetting Hobbs Act robbery, therefore, qualifies as a crime of violence under § 924(c)'s force clause. See, e.g., Richardson v. United States, 2019 WL 5295701 (W.D.N.C. Oct. 18, 2019); Hartgrove v. United States, 2019 WL 4745131 (W.D.N.C. Sept. 27, 2019); Howie v. United States, 2019 WL 4743724 (W.D.N.C. Sept. 27, 2019); Johnson v. United States, 2019 WL 4743722 (W.D.N.C. Sept. 27, 2019).

Counsel cannot be deemed deficient for failing to raise these non-meritorious claims. See Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) ("this Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success."). Nor is Petitioner actually innocent of violating § 924(c) or of the mandatory consecutive sentence for that offense.

For the foregoing reasons, Petitioner's attacks on his § 924(c) conviction and sentence are meritless and § 2255 relief will be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the Government's Motion to Dismiss and will dismiss and deny Petitioner's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED that:**

1. The stay in this case is no longer in effect.

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice and **DENIED**.

3. Respondent's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 9), is **GRANTED**.

4. Respondent's unopposed Motion for Extension of Time to File Reply, (Doc. No. 16), is **DENIED** as moot.

5. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 14, 2019

Robert J. Conrad, Jr.
United States District Judge